THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHELLE MASON, *et al.*,<br><br>　　　　　　Plaintiffs,<br>　　v.<br>THE CITY OF LAKE FOREST PARK, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. C13-0676-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion for sanctions. (Dkt. No. 26.) Having thoroughly considered the parties' briefing and the relevant record, the Court hereby DENIES the motion at this stage of the proceedings. However, for the reasons explained herein, the Court ORDERS Plaintiffs' counsel to show cause why Plaintiffs' Eighth Amendment, false arrest, and false imprisonment claims should not be dismissed as frivolous.

**I.　　BACKGROUND**

Plaintiffs Michelle Mason and Michael Gilmore bring this civil rights action under 42 U.S.C. § 1983 and Washington state law against the City of Lake Forest Park; a number of Lake Forest Park police officers and officials; Alexandre Kristjansson; and Sean Kiaer.[1] (Dkt. No. 1.)

---

[1] Plaintiffs name as the "Lake Forest Park" defendants the City of Lake Forest Park, Detective Tony Matthews, Detective Steven Parken, Officer Jack Beard, Officer James Carswell, Officer Rhonda Lehman, Officer Garry Jackson, Detective Amy Troxell, and Chief of Police Dennis Peterson.

Their Complaint alleges that the Lake Forest Park defendants unlawfully searched their home and seized a great deal of personal property—primarily computers and other electronics—based upon knowingly false allegations made by Defendants Alexandre Kristjansson and Sean Kiaer. (*See* Dkt. No. 1 at ¶¶ 3.1–3.94.) According to Plaintiffs, Ms. Kristjansson falsely reported to the Lake Forest Park police that Plaintiff Michael Gilmore sexually harassed and assaulted her daughter, M.K., while M.K. and Ms. Kristjansson resided in Plaintiffs' home. (*Id.* at ¶¶ 3.58–3.61, 3.80–3.82.) Plaintiffs' Complaint also states that Ms. Kristjansson falsely accused Mr. Gilmore of possessing child pornography. (*Id.* at 3.59, 3.78.) Based on these allegations, Lake Forest Park police officers obtained a warrant and searched Plaintiffs' home, seizing the personal property noted above. Plaintiffs allege that while Defendants returned some of the property, the Lake Forest Park police department continues to hold a number of personal possessions that were seized. (*Id.* at 3.85–3.89.)

Plaintiffs filed their Complaint on April 15, 2013. They assert federal civil rights claims under 42 U.S.C. § 1983 against the individual officer defendants and against the City based on a *Monell* policy or custom theory, as well as state law claims for false arrest, false imprisonment, conversion, intentional infliction of emotional distress, negligence, and defamation. The federal claims are based upon the Fourth, Fifth, Eighth, and Fourteenth amendments for the allegedly unlawful search and seizure, the allegedly unlawful deprivation of Plaintiffs' personal property, and "cruel and unusual punishment." (*Id.* at ¶ 5.2(f).) Trial in this matter is currently set for December 8, 2014. To date, the Court has received only two motions in this case—a motion for entry of default against non-appearing defendants Alexandre Kristjansson and Sean Kiaer, which was granted in October 2013, and the instant motion for sanctions against Plaintiffs' counsel, Lawrence Hildes. (Dkt. No. 26.) Defendants did not file any Rule 12 motions to dismiss, and have not otherwise asked for the Court's intervention on any issue regarding this case.

In the instant motion, Defendants assert that three of Plaintiffs' claims are baseless and ask the Court to sanction Plaintiffs' counsel for his refusal to voluntarily dismiss the claims.

(Dkt. No. 26.) Defendants point out that Plaintiffs' Eighth Amendment "cruel and unusual punishment," false arrest, and false imprisonment claims are each frivolous based on the applicable law and facts of this case. Defendants' counsel, Mr. Jeremy Culumber, contacted Mr. Hildes once about these claims approximately three months before filing the sanctions motion. (Dkt. No. 30, Ex. 1.) In response, Mr. Hildes stated that Plaintiffs "agree[] on the 8th Amendment and false arrest/imprisonment issues[,]" and explained that they were "willing to do a stipulated dismissal of the 8th amendment and false arrest/imprisonment causes of action." (*Id.*) The discussion did not proceed from there, however, and Plaintiffs never dismissed the claims.[2]

On May 19, 2014, Defendants' counsel provided Mr. Hildes with a copy of the motion for sanctions now at issue. Mr. Hildes explained that he had experienced some recent health issues, but asked defense counsel to let him know what needed to be done. (*Id.*, Ex. 2.) Defendants' counsel responded by stating only that "I need you to dismiss the claims that have no basis." (Dkt. No. 30 at 6–7.) Mr. Hildes stated again that he would "most likely be willing to dismiss those claims," again reminded defense counsel of his ongoing health issues, and suggested that he and Mr. Culumber talk. Mr. Culumber responded that they had already discussed the issue in March 2014 when Mr. Hildes said he would dismiss the claims, explained that he saw no point in speaking further, and concluded by stating that "[y]ou need to dismiss them." (*Id.*) At this point, what minimal working relationship between counsel evaporated, with Mr. Hildes calling Mr. Culumber a "piece of work[,]" stating that he was going to dismiss the claims, and remarking that Mr. Culumber had "the humanity and sensitivity of a buzz saw." (*Id.*)

Mr. Hildes now states in his opposition brief that he is still willing to stipulate to dismissal of the three claims. He also opposes the motion for sanctions on the ground that Defendants never actually moved to dismiss the claims, reasoning that they have not suffered any harm and thus, that sanctions are inappropriate. Mr. Hildes also asks the Court for leniency

---

[2] If the conversation did proceed, the parties have failed to provide a record with their briefs of any continuing communications.

because he has another major case, *Panagacos v. Towery*, No. C10-5018-RBL (W.D. Wash.), that has kept him busy and because of his recent health issues. (Dkt. No. 28 at 1–3.) Indeed, he explains to the Court that he is still attempting to find an appropriate heart medicine that will not leave him "weak and falling asleep" or otherwise affect "his ability to get work done." (Dkt. No. 27 at 4.) Defendants argue in response that while they are sympathetic to Mr. Hildes' health condition, it is no excuse for his behavior in this case given that he promised to dismiss the claims at issue *before* he underwent his May 10, 2014 surgery, and has otherwise been well enough to work on other cases and file an opposition to the instant motion. In light of his ability to do some work, Defendants' counsel points out, it appears disingenuous to suggest that Mr. Hildes has been unable to file a one-page stipulated dismissal of claims he allegedly knows to be baseless. The Court addresses these assertions in turn.

## II.    DISCUSSION

### A.    Defendants' Motion for Sanctions

Federal Rule of Civil Procedure 11(b) imposes a duty upon attorneys signing or filing written submissions with Court. That provision states:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

    **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, after notice and an opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on any attorney that violated the rule or is responsible for the violation. Fed. R. Civ. P. 11(c); *Estate of Blue v. County of Los Angeles,* 120 F.3d 982, 985 (9th Cir. 1997) (Rule 11 sanctions are appropriate "when a filing is frivolous, legally unreasonable, or without a factual foundation, or is brought for an improper purposes."). If an opposing party moves for sanctions against the violating party, the motion must be served upon the alleged violator 21 days before it is filed with the Court. Fed. R. Civ. P. 11(c)(2); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir.), *cert. denied*, 534 U.S. 1020 (2001). This safe harbor provides the target attorney with the opportunity to withdraw that filing that violates Rule 11(b) and thus avoid the risk of sanctions. *Truesdell v. Southern California Permanente Medical Grp.*, 293 F.3d 1146, 1151–52 (9th Cir. 2002).

   The Court denies Defendants' motion for sanctions. The three claims at issue do appear to be baseless—a fact not lost on the Court, as explained below. However, the motion for sanctions also appears to be a thinly-veiled tactical maneuver that is not yet warranted in this case. There have been no motions between the parties in this matter, and Defendants' motion itself demonstrates that before serving Plaintiffs' counsel with the motion for sanctions, defense counsel had only spoken about the three claims with Mr. Hildes once, three months prior. Certainly, Defendants have a right to be upset that Mr. Hildes did not follow through on his original promise by seeking a stipulated dismissal of the three claims; however, provoking opposing counsel with a motion for sanctions after three months of silence on an issue hardly supports the notion that the conduct of Plaintiffs' counsel is so outrageous as to warrant monetary sanctions. Instead, the Court would have expected the parties to proceed as professionals by further attempting to resolve the issue in an amicable manner. Finally, the Court is troubled by the fact that Defendants did not move (and still have not moved) to dismiss the

baseless claims now complained about before seeking sanctions. Since the frivolous nature of the claims would be known even to a "first-year law student," as Defendants' counsel argues in the motion, the Court fails to see how Defendants expended anything more than minimal effort to determine that Plaintiffs' claims would fail or otherwise "litigate" these issues. Since they have not sought dismissal of the claims and neither party appears to have made a *sincere* effort to address this issue before the sanctions motion was filed, the Court declines to award sanctions at this time.

While sanctions are not yet appropriate, the Court is troubled by the issues raised in the motion and will not hesitate to utilize its authority under Rule 11 or 28 U.S.C. § 1927 if such conduct continues. As explained below, the three claims now complained of do appear to be baseless, and Mr. Hildes will be called upon to either resolve the claims amicably with defense counsel or show cause why the claims should not be dismissed. This Order should thus serve as the first and only warning to Mr. Hildes that the pursuit of frivolous claims or other litigation misconduct will not be tolerated in this lawsuit. On this point, the Court takes note of Mr. Hildes' longstanding pattern of disregarding Court deadlines or otherwise engaging in litigation misconduct, most recently addressed by Judge Pechman in a separate action. *See Moba v. Total Transportation Services, Inc.*, No. C13-0318, 2014 WL 3050461 (W.D. Wash. July 3, 2014) (granting motion for contempt and sanctions, dismissing claims by plaintiffs represented by Mr. Hildes as sanction for discovery violations, and collecting more than ten cases from this district to demonstrate Mr. Hildes' pattern of "fail[ing] to comply with Court deadlines" and other discovery obligations)); *see also White v. Witt*, No. C05-0695, 2006 WL 3337365 (W.D. Wash. Nov. 16, 2006) (imposing sanctions of approximately $4,400 against Mr. Hildes under 28 U.S.C. § 1927 after concluding that Mr. Hildes pursued claims even though he "knew that [they] lacked any factual basis or legal merit," engaged in discovery-related misconduct, and showed a "reckless disregard for the duty he owes to his client, opposing counsel, and to this court"); *Cove/Mallard Coalition v. U.S. Forest Serv.*, 67 Fed. Appx. 426, 428 (9th Cir. 2003) (noting the

withdrawal of Mr. Hildes' *pro hac vice* admission to the District Court of Idaho for willfully attempting to conceal that a court reporter he hired was the mother of an appellant). In light of this warning, Plaintiffs' counsel should review his Rule 11 obligation to undertake an inquiry that is reasonable under the circumstances and determine whether the claims brought are legally or factually warranted.

To the extent Mr. Hildes has health issues or such a busy litigation schedule that he is unable to competently represent Plaintiffs without incident going forward, the Court urges Mr. Hildes take heed of his obligations under Rule 1.16(a) of the Washington Rules of Professional Conduct. That rule requires withdrawal from representation if a lawyer's physical or mental condition materially impairs his or her ability to represent the client, *cf. Moba*, 2014 WL 3050461, at *4 (making same recommendation to Mr. Hildes), or if the lawyer is otherwise unable to represent the client within the bounds of the Rules of Professional Conduct. *See* Wash. RPC 1.1 (requiring competent representation, which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary). While the Court is sympathetic to Mr. Hildes' health issues, neither those issues nor his otherwise busy litigation schedule are valid excuses for neglecting his duties to his own clients, the Court, or Defendants in this case.

### B.  Order to Show Cause

Plaintiffs' counsel is ordered to show cause why the Court should not dismiss Plaintiffs' Eighth Amendment, false arrest, and false imprisonment claims as frivolous. As Defendants point out, an individual's Eighth Amendment right to be free from cruel and unusual punishment attaches only upon conviction for a crime. *See Ingraham v. Wright,* 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Pierce v. Multanomah Cnty.*, 76 F.3d 1032, 1042 (9th Cir. 1996) (same); *Schottenstein v. Schottenstein*, 230 F.R.D. 355, 361 (S.D.N.Y. 2005) (awarding sanctions where attorney filed frivolous Eighth Amendment claim, failed to withdraw it after being warned that it was frivolous, and subjected

1 the claim to a motion to dismiss). As for Plaintiffs' false arrest and false imprisonment claims,
2 the Court notes that the "gist of an action for false arrest or false imprisonment is the unlawful
3 violation of a person's right of personal liberty or the restraint of that person without legal
4 authority." *Bender v. City of Seattle*, 99 Wn.2d 582, 592 (Wash. 1983); *see Kilcup v. McManus*,
5 64 Wn.2d 771, 777 (Wash. 1964) ("person is restrained or imprisoned when he is deprived of
6 either liberty of movement or freedom to remain in the place of his lawful choice; and such
7 restraint or imprisonment may be accomplished by physical force alone, or by threat of force, or
8 by conduct reasonably implying that force will be used.").

9 Here, it is undisputed that Plaintiffs were never arrested, much less convicted. Thus, the
10 assertion of "cruel and unusual punishment," false arrest, or false imprisonment claims appears
11 to be wholly unwarranted under applicable law. In responding to this Order to Show Cause,
12 Plaintiffs' counsel shall explain why the claims as alleged are warranted under existing law with
13 citation to legal authority and facts as alleged in the Complaint. Unsupported argument will not
14 be useful to the Court. If, in the alternative, Plaintiffs' counsel wishes to voluntarily dismiss the
15 claims under Federal Rule of Civil Procedure 41, he may file a stipulated dismissal or request
16 leave to voluntarily dismiss these claims in his response to this Order. Plaintiffs' counsel's
17 response shall not exceed six pages and shall be filed within <u>ten (10) days of the date of this</u>
18 <u>Order</u>. A failure to respond will result in the dismissal of these claims without further notice.

### III. CONCLUSION

20 For the foregoing reasons, Defendants' motion for sanctions (Dkt. No. 26) is DENIED.
21 Plaintiffs' counsel is hereby ORDERED to show cause why the claims discussed herein should
22 not be dismissed within ten (10) days of the date of this Order.
23 //
24 //
25 //
26 //

ORDER
PAGE - 8

1   DATED this 7th day of August 2014.

John C. Coughenour<br>
UNITED STATES DISTRICT JUDGE