THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHELE MASON, *et al.*,

          Plaintiff,

   v.

THE CITY OF LAKE FOREST PARK, *et al.*,

        Defendants.

CASE NO. C13-0676-JCC

ORDER

This matter comes before the Court on the parties' joint motion to continue the trial date in this matter (Dkt. No. 32), the response of Plaintiffs' counsel to this Court's August 7, 2014 Order to Show Cause (Dkt. No. 33), and Plaintiffs' motion for default judgment (Dkt. No. 34). Having thoroughly considered the parties' briefing and the relevant record, the Court GRANTS the motion for a continuance; DISMISSES Plaintiffs' Eighth Amendment, false arrest, and false imprisonment claims without prejudice and DISCHARGES the August 7, 2014 Order to Show Cause; and DENIES Plaintiffs' motion for default judgment.

I.      **BACKGROUND**

As previously explained, Plaintiffs Michelle Mason and Michael Gilmore bring this civil rights action under 42 U.S.C. § 1983 and Washington law against the City of Lake Forest Park; a number of Lake Forest Park police officers and officials; Alexandre Kristjansson; and Sean

Kiaer.[1] (Dkt. No. 1.) Their Complaint alleges that the Lake Forest Park defendants unlawfully searched their home and seized a great deal of personal property—primarily computers and other electronics—based upon knowingly false allegations made by Defendants Alexandre Kristjansson and Sean Kiaer. (*See* Dkt. No. 1 at ¶¶ 3.1–3.94.) According to Plaintiffs, Ms. Kristjansson falsely reported to the Lake Forest Park police that Plaintiff Michael Gilmore sexually harassed and assaulted her daughter, M.K., while M.K. and Ms. Kristjansson resided in Plaintiffs' home. (*Id.* at ¶¶ 3.58–3.61, 3.80–3.82.) Plaintiffs' Complaint also states that Ms. Kristjansson falsely accused Mr. Gilmore of possessing child pornography. (*Id.* at ¶¶ 3.59, 3.78.) Based on these allegations, Lake Forest Park police officers obtained a warrant and searched Plaintiffs' home, seizing the personal property noted above. Plaintiffs allege that while Defendants returned some of the property, the Lake Forest Park police department continues to hold a number of personal possessions that were seized. (*Id.* at ¶¶ 3.85–3.89.)

Plaintiffs assert federal civil rights claims under 42 U.S.C. § 1983 against the individual officer defendants and against the City based on a *Monell* policy or custom theory. Among those claims, Plaintiffs included a "cruel and unusual punishment" claim under the Eighth Amendment. Plaintiffs also assert claims for false arrest, false imprisonment, conversion, intentional infliction of emotional distress, and negligence against all defendants. (Dkt. No. 1 at ¶¶ 5.12–5.34.) Finally, Plaintiffs bring a defamation claim against Defendants Alexandre Kristjansson and Sean Kiaer. (Dkt. No. 1 at ¶¶ 5.35–5.38.) Plaintiffs filed their Complaint on April 15, 2013. Trial in this matter is currently set for December 8, 2014.

The following issues are now before the Court: (1) the parties' joint motion for an eight month continuance of the trial date; (2) Plaintiffs' counsel's response to this Court's August 7, 2014 Order to Show Cause; and (3) Plaintiffs' motion for default judgment against Defendants

---

[1] Plaintiffs name as the "Lake Forest Park" defendants the City of Lake Forest Park, Detective Tony Matthews, Detective Steven Parken, Officer Jack Beard, Officer James Carswell, Officer Rhonda Lehman, Officer Garry Jackson, Detective Amy Troxell, and Chief of Police Dennis Peterson.

1  Alexandre Kristjansson and Sean Kiaer. The Court addresses each in turn, beginning with Mr.

2  Hildes' OSC response.

3  **II.    DISCUSSION**

4        **A.       Plaintiffs' Eighth Amendment, False Arrest, and False Imprisonment Claims**

5             On August 7, 2014, the Court denied Defendants' motion for sanctions against Plaintiffs'

6  counsel. (Dkt. No. 31.) That motion was based on the refusal of Plaintiffs' counsel to dismiss

7  frivolous claims for cruel and unusual punishment, false arrest, and false imprisonment. The

8  Court declined to sanction Mr. Hildes, but nonetheless ordered him to show cause why the

9  claims should not be dismissed as frivolous. (*Id.* at 7–8.) In his response to the Court's Order,

10  Mr. Hildes states that he does not oppose dismissal of those claims. (Dkt. No. 33 at 2)

11  ("Plaintiffs' counsel is convinced that those claims were erroneous and should be dismissed.").

12             In light of Mr. Hildes' non-opposition to dismissal of the three claims at issue, as well as

13  the frivolous nature of these claims as described in the Court's previous order (Dkt. No. 31), the

14  Court hereby DISMISSES without prejudice Plaintiffs' cruel and unusual punishment, false

15  arrest, and false imprisonment claims against all defendants.

16        **B.       The Parties' Request for a Trial Continuance**

17             The Court next addresses the parties' joint request for an eight month trial continuance.

18  In their motion, the parties state that (1) Defense counsel has two other trials set for December 8,

19  2014, the date this matter is scheduled for trial; (2) Plaintiffs' counsel has two appellate briefs

20  due in late October and mid-November of 2014, as well as two trials set for mid- and late-

21  November; and (3) this is a complex matter that requires additional time for the parties to attempt

22  to resolve the case prior to trial. (Dkt. No. 32.)

23             The Court grants the parties' request for a continuance. Trial in this matter is hereby

24  rescheduled for **August 3, 2015** at 9:30 A.M. in Courtroom 16206. The parties' proposed pretrial

25  order is due no later than July 23, 2015. Trial briefs and proposed voir dire/jury instructions shall

26  be submitted no later than July 30, 2015. All other case management dates remain the same, and

1  no further continuances will be granted absent a legitimate showing of good cause.

2  **C.  Plaintiffs' Motion for Default Judgment**

3  Finally, the Court addresses Plaintiffs' motion for default judgment against Defendants

4  Alexandre Kristjansson and Sean Kiaer. (Dkt. No. 34.) Plaintiffs request default judgment in the

5  amount of $2,395,400, which includes, *inter alia*, "$250,000 for the pain and humiliation caused

6  to Plaintiffs by the deliberate false and defamatory claims of sexual assault and possession of

7  child pornography as to Defendants acting in concert"; "$250,000 as to the fear, pain,

8  humiliation and damage to reputation caused by the resulting search warrant being issued, and

9  the public and highly visible execution thereof based on the fraudulent information given to the

10  Lake Forest Park Police Department by Defendants acting in concert"; "$100,000 as to the

11  threats of physical violence made against plaintiff Gilmore by Defendant Kiaer"; "$360,000 for

12  six computers held for six months as a result of the false information provided by Kristjansson

13  and Kiaer"; and "$250,000 for damages to Plaintiff Mason's family business as a result of the

14  seizure and holding of the computers necessary for their business." (*See* Dkt. No. 34 at 2–3.) As

15  noted above, Plaintiffs' remaining claims include conversion, intentional infliction of emotional

16  distress, and negligence claims against all defendants, including Defendants Kristjansson and

17  Kiaer, as well as a defamation claim against only those two individuals.

18  The decision to grant or deny a request for default judgment is left to the sound discretion

19  of a district court, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and a defendant's

20  default does not automatically entitle a plaintiff to a court ordered judgment. *Id.* On the contrary,

21  default judgments are generally disfavored and cases should be decided upon their merits

22  whenever possible. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009). In

23  exercising its discretion to award a default judgment, the Court is bound by Federal Rules of

24  Civil Procedure 54 and 55, which govern the entry of final judgments and default judgments,

25  respectively, as well as the Ninth Circuit's multi-factor framework established in *Eitel v.*

26

1   *McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).[2]

2       Plaintiffs' motion is denied for two reasons. First, as explained in more detail below,

3   there remain defendants who are actively litigating Plaintiffs' claims. When that is the case,

4   entering default judgment as to some but not all defendants is inappropriate. Second, Plaintiffs

5   have not addressed the Ninth Circuit's well-established *Eitel* factors in moving the Court for

6   default judgment. Given the astronomical damages award that Plaintiffs request, the Court

7   declines to award default judgment absent some analysis by Plaintiffs as to how their properly

8   pleaded facts make out a sufficient claim for relief and how the damages amounts requested are

9   reasonably based in fact.

10       Particularly applicable here is Federal Rule of Civil Procedure 54, which governs the

11   entry of all final judgments, including default judgments. Fed. R. Civ. P. 54(b). In relevant part,

12   Rule 54(b) states that:

13       When an action presents more than one claim for relief . . . or when multiple
14       parties are involved, the court may direct entry of a final judgment as to one or
         more, but fewer than all, claims or parties **only if** the court expressly determines
15       that there is no just reason for delay. Otherwise, any order or other decision,
         however designated, that adjudicates fewer than all the claims or the rights and
16       liabilities of fewer than all the parties does not end the action as to any of the
         claims or parties and may be revised at any time before the entry of a judgment
17       adjudicating all the claims and all the parties' rights and liabilities.

18       Fed. R. Civ. P. 54(b).

19       In addition to Rule 54(b), courts have long recognized that default judgment should not

20   be entered against a defaulting defendant "until the matter has been adjudicated with regard to all

21   defendants." *Nielson v. Chang*, 253 F.3d 520, 531-32 (9th Cir. 2001) (summarizing holding of

22   *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)). Indeed, the Supreme Court in *Frow v. De La*

23

24       [2] The seven *Eitel* factors include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
25   substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility
     of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong
26   policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. 782 F.2d at 1471-72.

1   *Vega*, which the Ninth Circuit has described as "[t]he leading case on the subject of default

2   judgments in actions involving multiple defendants," warned that "absurdity might follow" in

3   instances where a court "can lawfully make a final decree against one defendant . . . while the

4   cause was proceeding undetermined against the others." *Frow*, 82 U.S. at 554; *Nielson*, 253 F.3d

5   at 531–32. "It follows that if an action against the answering defendants is decided in their favor,

6   then the action should be dismissed against both answering and defaulting defendants." *Nielson*,

7   253 F.3d at 532; *see also Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir.

8   2009) ("[W]here there are several defendants, the transgressions of one defaulting party should

9   not ordinarily lead to the entry of a final judgment[.]); *Home Ins. Co. of Illinois v. Adco Oil Co.*,

10  154 F.3d 739, 741 (7th Cir. 1998) ("In a suit against multiple defendants a default judgment

11  should not be entered against one until the matter has been resolved as to all."). The purpose of

12  this well-established rule is, of course, to avoid inconsistent judgments against defaulting

13  defendants and the remaining defendants.

14      Here, Plaintiffs' motion for default judgment fails to address *Frow* and its progeny.

15  However, *Frow* remains good law, *see Nielson*, 253 F.3d at 532, and it is clear that Plaintiffs

16  seek the very type of default judgment that *Frow* prohibits. Plaintiffs bring three of the four

17  state-law claims against all defendants, most of whom remain active participants in this case.

18  Thus, to award default judgment against Defendants Kristjansson and Kiaer would constitute an

19  abuse of this Court's discretion, *Nielson*, 253 F.3d at 532, and create the potentially "absurd"

20  scenario of which the *Frow* court long ago warned—that the remaining defendants could prevail

21  on the merits while the two defaulting defendants would have already faced the inconsistent

22  determination that they are liable for the claims at issue. The Court declines to so exercise its

23  discretion and accordingly denies Plaintiffs' motion for default judgment.

24  //

25  //

26  //

1      DATED this 18th day of August 2014.

2

3

4

5

6

7                                          John C. Coughenour
8                                          UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 7